UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAMES L. LABER AND
LAURA M. LABER,

         Plaintiffs,

    v.

DEPARTMENT OF THE TREASURY,
INTERNAL REVENUE SERVICE,

         Defendant.

CIV. S-04-2078 DFL PAN PS

ORDER

—oOo—

On June 22, 2005, this court heard defendant's motion to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Plaintiffs James and Laura Laber appeared at the hearing pro se.

Plaintiffs assert this court has jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671 et seq. However, neither the case file nor plaintiffs' papers demonstrate plaintiffs filed an administrative claim pursuant to

28 U.S.C. § 2675 and, in any event, the FTCA waiver of sovereign immunity expressly does not extend to claims arising from tax collection activities (see 28 U.S.C. § 2680(c)).

Rather, as the court stated at the hearing, defendant's motion to dismiss is denied on the ground that 26 U.S.C. § 6330(d) confers jurisdiction upon this court to hear plaintiffs' discrete challenge to the IRS's September 2, 2004, Notice of Determination Concerning Collection Actions, which is set forth as an exhibit to plaintiffs' complaint.  Plaintiff filed their complaint on October 1, 2004, within the 30-day limitation period required by section 6330(d) and further enforcement action by the IRS pending final determination of plaintiffs' claim was thereby suspended pursuant to section 6330(e).

Plaintiffs concede they failed to serve upon defendant a copy of the summons with the complaint, as required by Fed. R. Civ. P. 4(i).  Plaintiffs are directed to effect service upon defendant of both the summons and complaint, and to file proof of such service with the court, no later than July 29, 2005.

Defendant shall file with the court and serve upon plaintiffs no later than August 31, 2005, a motion for summary judgment; plaintiffs shall file their opposition within 45 days after service of defendant's motion; defendant may file a reply, if any, within 30 days after service of plaintiffs' opposition.

The parties shall address the de jure and de facto status of plaintiffs' partnership with the Cottells and exposure of plaintiffs' personal assets to satisfy the "partnership" taxes of

2

Tele-link Communications during the calendar years 2000 through 2003.  While the IRS' September 2, 2004, Notice of Determination Concerning Collection Actions, upon which this court premises jurisdiction, is limited to "Tax Period(s) Ended:  12/2002, 03/2002, 06/2003, and 09/2003," the court will consider additional evidence submitted by either party demonstrating this court's jurisdiction to consider additional tax periods and assessments.

So ordered.

Dated:  July 6, 2005.

      /s/ Peter A. Nowinski
    PETER A. NOWINSKI
    Magistrate Judge