UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAMES L. LABER AND
LAURA M. LABER,

          Plaintiffs,      CIV. S-04-2078 DFL PAN PS

     v.

DEPARTMENT OF THE TREASURY,      FINDINGS AND RECOMMENDATIONS
INTERNAL REVENUE SERVICE,

          Defendant.

—oOo—

    Pursuant to plaintiffs' application for a temporary restraining order, the Honorable David F. Levi has referred to this court for findings and recommendations the question whether the taxes the IRS now seeks to collect fall within the scope of this court's July 6, 2005, order and whether injunctive relief should issue.

    I previously found this court had jurisdiction pursuant to 26 U.S.C. § 6330(d) to hear plaintiffs' challenge to the IRS's

September 2, 2004, Notice of Determination Concerning Collection Action.  In that proceeding, the IRS determined plaintiffs were liable as partners in Tele-Link Communications for its taxes for the last quarter of 2002 and the first three quarters of 2003.  Plaintiffs alleged that despite the original formation of a partnership, they had been shut out by their co-partners.  I invited a brief from the IRS upon the effect of such conduct by co-partners upon plaintiff's remaining personal liability for partnership debts by effecting a de facto dissolution of the partnership.  The IRS has served and filed the invited motion but it is not helpful and simply reiterates that the IRS based its determination plaintiffs were personally liable upon the original partnership documents--the very documents that plaintiffs allege their former co-partners and fiduciaries breached.

   Plaintiffs now seek to enjoin the IRS from levying upon their personal assets to collect taxes owed by Tele-Link for different tax periods both before and after the periods over which I found this court had jurisdiction.  Plaintiffs have not demonstrated this court's independent jurisdiction over these tax periods but allowing the IRS to proceed would irrevocably undermine any just review by this court of plaintiffs' personal liability as partners for the periods over which the court certainly does have jurisdiction and on that basis I recommend the injunction issue subject to the proviso that plaintiffs not seek to sell or encumber any property pending resolution of the issue.

These findings and recommendations are submitted to the Honorable David F. Levi, the United States District Judge assigned to this case.  28 U.S.C. § 636(b)(l).  Written objections may be filed within ten days after being served with these findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 30, 2005.

                                 <u>/s/ Peter A. Nowinski</u>
                                 PETER A. NOWINSKI
                                 Magistrate Judge