UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAMES L. LABER and LAURA M. LABER,

           Plaintiffs,      CIV. S-04-2078 DFL PAN PS

      v.

DEPARTMENT OF THE TREASURY,      ORDER
INTERNAL REVENUE SERVICE,

           Defendant.

—oOo—

    This court's findings and recommendations filed August 31, 2005, are vacated.

    The parties are directed to appear before this court on Wednesday, September 28, 2005, at 9:00 a.m., in Courtroom 25, to address the merits of plaintiffs' motion to temporarily enjoin defendant IRS's collection proceedings against plaintiffs as partners in Tele-Link Communications for tax periods ending September 30, 2000 through December 31, 2001, June 30, 2002,

September 30, 2002, and December 2003.

Also, the IRS shall show cause at the hearing why sanctions should not be imposed upon it for breaching representations made by its attorney to this court on June 22, 2005.  Fed. R. Civ. P. 11(b) and (c).

At the June 22, 2005, hearing on defendant's motion to dismiss for lack of subject matter jurisdiction, this court liberally read, as it must, the pro se plaintiffs' pleadings[1] (including 160 pages of exhibits) to deny defendant's motion on the ground jurisdiction is conferred by 26 U.S.C. § 6330(d).  The court did not specify the initial parameters of this jurisdiction until its July 6, 2005, order, when it identified plaintiffs' timely appeal of the IRS's September 2, 2004, Notice of Determination Concerning Collection Actions for tax periods ending December 2002 through September 2003.  I expressly stated in my July 6 order that the court's jurisdiction may be broader and invited both parties to brief whether this court could consider additional tax periods and assessments.  I noted that defendant's collection activities were expressly suspended under 26 U.S.C. § 6330(e) for tax periods ending December 2002 through September 2003 but relied upon defendant's representations the IRS would pursue no significant collection proceedings for the

---

[1] See, e.g., <u>Abassi v. I.N.S.</u>, 305 F.3d 1028, 1032 (9th Cir. 2002), citing <u>Bretz v. Kelman</u>, 773 F.2d 1026, 1027, n. 1 (9th Cir. 1985) ("[W]e have an obligation where the petitioner is pro se . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt"); <u>Garaux v. Pulley</u>, 739 F.2d 437, 439 (9th Cir. 1984) ("This circuit has long had a rule of liberal construction of pleadings presented by pro se litigants").

entire period 2000 through 2003.

Defendant's attorney represented at the hearing that the IRS would not foreclose any of plaintiffs' property until resolution of this case ("we will not try to foreclose"). Plaintiffs agreed they would not dispose of any property to which the IRS may later have a claim.  Further, I granted defendant's request for a late August deadline to file its summary judgment motion (due to the attorney's vacation plans) provided "the status quo is maintained."

The IRS has now informed plaintiffs in a handwritten personal note attached to its August 11, 2005, "Final Notice/Notice of Intent to Levy" for tax period ending December 2003 that "enforced collection may include placing a levy on your bank accounts, wages, receivables, commissions, etc.  It could also involve seizing and selling your property, such as real estate, vehicle, or business assets."  Plaintiffs state the revenue officer informed them they should sell their residence or produce a contract to do so before August 31, 2005.

The contours and merits of this suit and the extent of this court's jurisdiction have yet to be resolved, including plaintiff's exhaustion of administrative remedies to appeal additional notices of tax deficiency.  Several matters are outstanding.  Plaintiffs' response to defendant's motion for summary judgment is not due until Monday, October 17, 2005;[2]

---

[2] This period includes an additional three days for service pursuant to Fed. R. Civ. P. 6(e).

defendant has an additional 30 days to respond and has set the hearing on its motion for November 16, 2005.  On September 14, 2005, Magistrate Judge Kimberly J. Mueller will hear plaintiffs' response to an order to show cause why their action against the Cottells (<u>Jim Laber et al. v. Robert Cottell et al.</u>, Civ. S 04-1427 FCD KJM PS) should not be barred under the terms of a stipulated settlement agreement (expressly excluding release from tax liabilities) filed December 11, 2003, in the U.S. Bankruptcy Court.[3]

Defendant opposes plaintiffs' motion for injunctive relief based upon this court's initial jurisdictional assessment and the argument plaintiffs remained viable partners in Tele-Link Communications 2000 through 2003.  These are, however, the precise issues the court must decide upon defendant's motion for summary judgment.  Defendant's dogged pursuit of plaintiffs is inconsistent not only with defendant's representations to this court but with this court's deliberative process.  Defendant's actions appear to be no more than an end run against the authority of this court, a matter defendant shall address September 28.

////

---

[3] That agreement includes the following provision:

5. Limitation of Release.  The parties acknowledge that neither party is releasing any other party from liability for any claims, causes of action, judgments, liens, obligations, indebtedness, costs, damages, losses, claims, liabilities, and demands that in any way relate to payroll taxes doe Tele-Link and/or income taxes for Tele-Link.

1  So ordered.

2  Dated:  September 14, 2005.

3                                  /s/ Peter A. Nowinski
                                    PETER A. NOWINSKI
4                                   Magistrate Judge